

# NUMBERS 13-23-00253-CR, 13-23-00254-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK LOPEZ,                                                                   Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Silva
### Memorandum Opinion by Justice Benavides

In appellate cause number 13-23-00253-CR, appellant Mark Lopez pleaded guilty to the offenses of: (1) continuous family violence, a second-degree felony; (2) escape, a third-degree felony; and (3) evading arrest, a state jail felony. *See* TEX. PENAL CODE ANN. §§ 25.11, 38.04(b)(1), 38.06(c). In appellate cause number 13-23-00254-CR, Lopez pleaded guilty to bail jumping, enhanced to a second-degree felony by prior felony

convictions. *See id.* §§ 12.42, 38.10. The trial court deferred adjudication for all four offenses and placed Lopez on community supervision for ten years.

The State filed a motion to revoke, and at the hearing, Lopez pleaded "true" to the allegations in the motion. The trial court revoked Lopez's community supervision, adjudicated him guilty of the offenses, and sentenced him to fifteen years' imprisonment for the continuous family violence offense, ten years' imprisonment for escape, two years in state jail for evading arrest, and fifteen years' imprisonment for bail jumping. The trial court ordered the sentences to run concurrently. Lopez's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, Lopez's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record in both causes yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Lopez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Lopez's counsel also informed this Court in writing that in both causes he: (1) notified Lopez that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Lopez with copies of both pleadings; (3) informed Lopez of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Lopez with a form motion for pro se access to the appellate record that only requires Lopez's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. An adequate amount of time has passed, and Lopez has not filed a pro se response in either cause.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief in both causes, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Lopez's counsel has asked this Court for permission to withdraw as counsel in both causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw in both causes. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Lopez and to advise him of his right to file a petition for discretionary review.[1] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgments.

GINA M. BENAVIDES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
4th day of April, 2024.

---

[1] No substitute counsel will be appointed. Should Lopez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.